Okey, J.
I concur in the judgment of reversal. But it appears that one interested in the road in question agreed with others who would necessarily be taxed for the improvement, that if they would sign the petition he would pay their assessments. The record shows that these persons would not have signed except for that agreement. This contract was made for the purpose of obtaining the majority of resident land-owners in favor of the measure, which the statute requires as a condition precedent to the improvement, and it was necessary to count the names of persons whose signatures were thus obtained, in order to constitute a majority in favor of the work. That is a species of bribery which in my opinion should not be tolerated. The legislature intended by the provision in question to protect minorities, and as far as possible secure the untrammeled judgment of a majority of those to be taxed in favor of the improvement. It is no answer to say that the persons whose signatures were thus obtained may have been in favor of the *458 work, but unable or unwilling to boar tbe expense. The policy of the statute is defeated, and hence the reasons why such persons were unwilling to subscribe are not fairly the subject of averment or proof, but are immaterial. To sanction such an agreement, whatever the motives of the parties may have been, can not fail to be productive of mischief. Whether oral or written, a contract like that could not be enforced, being simply void; but, nevertheless, if the requisite number of petitioners is obtained under an agreement of that sort, such conduct should be none the less fatal to the proceeding.